```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

WILLIAM SHANAHAN and ANTARES, LLC,     :

                Plaintiffs,            :   03 Civ. 3496 (PAC)

     - against -                       :   MEMORANDUM
                                           DECISION AND ORDER
                                       :
MAURICE VALLAT,
JAMES COLLINS-TAYLOR, LOUIS BOWEN,     :
ACL NOMINEES LTD., ACL HOLDINGS LTD.,
and ACL ASIA LTD.                      :

                Defendants.            :
------------------------------------x

JAMES COLLINS-TAYLOR, LOUIS BOWEN,     :
ACL NOMINEES LTD., ACL HOLDINGS LTD.,
and ACL ASIA LTD.                      :

                Third-Party Plaintiffs, :

     - against -                       :

ROSE-MARIE FOX,                        :

                Third-Party Defendant. :

------------------------------------x
```

HONORABLE PAUL A. CROTTY, United States District Judge:

This is an action for securities and common-law fraud brought by Plaintiff William Shanahan ("Shanahan") and Plaintiff Antares, LLC, against various defendants who allegedly induced Plaintiffs to invest in Phoenix Telecommunication Limited ("Phoenix") by means of materially false financial statements and other misleading conduct. Defendants James Collins-Taylor, Louis Bowen, ACL Nominees Ltd., ACL

Holdings Ltd., and ACL Asia Ltd. ("Certain Defendants") then brought a claim for contribution against Third-Party Defendant Rose-Marie Fox ("Fox"). On April 27, 2006, Phoenix moved to intervene in this action for the limited purpose of obtaining a protective order prohibiting Defendants from using or disclosing the contents of a document allegedly belonging to Phoenix and subject to the attorney-client privilege (the "Document"). At oral argument on October 3, 2006, the Court granted Phoenix's motion to intervene, and requested supplemental briefs on the motion for a protective order. The Court also gave the parties leave to address certain other outstanding discovery issues in their submissions. The motion for a protective order is now denied and the other issues are resolved as set forth below.

**PHOENIX'S MOTION FOR A PROTECTIVE ORDER**

**I. Background**

The Document in question is titled "Discussion of Approach to Future Litigation regarding ACL, Princeton, James Collins-Taylor, Louis Bowen" and discusses various potential claims against those parties. Pro se Defendant Maurice Vallat ("Vallat") was given the Document sometime in 2002, during his tenure as Chairman of Phoenix. Following his termination in December 2002, he left the Document, along with other papers and personal effects, in the Hong Kong offices of Certain Defendants. Certain Defendants obtained the Document from those effects with Vallat's consent after the commencement of the current litigation. Vallat does not offer any opposition and has

agreed to destroy his copies of the Document.[1] Certain Defendants oppose Phoenix's motion.

**II. Discussion**

Phoenix initially based its motion for a protective order on Federal Rule of Civil Procedure 26(c). At the hearing on October 3, 2006, the Court brought to all parties' attention the Second Circuit's teaching that a Rule 26 protective order is appropriate only when a document is obtained through the discovery process. Rule 26 does not apply to documents obtained by other means. Bridge C.A.T. Scan Associates v. Technicare, 710 F.2d 940, 946 (2d. Cir. 1983). As the Document was undisputedly provided to Certain Defendants by Vallat outside of the discovery process, Rule 26(c) is inapplicable. Since the parties were unaware of this, the Court invited supplemental briefing on the appropriateness of a protective order.

Phoenix now relies on the Court's inherent equitable powers to control the proceedings before it. While Bridge itself is ambiguous on when those powers may appropriately be used, cases in this district have restricted the disclosure or use of such information when a party has obtained the information wrongfully. See, e.g., Fayemi v. Hambrecht & Quist, Inc., 174 F.R.D. 319 (S.D.N.Y. 1997); Schlaifer Nance & Co. v. Estate of Warhol, 742 F.Supp. 165 (S.D.N.Y. 1990). Phoenix asserts that it was improper for Vallat to turn over an attorney-client privileged document to Certain Defendants without authorization, and therefore that prohibitions on the use or disclosure of the Document by Certain Defendants are appropriate. But even if Phoenix's

---

[1] The Court finds that Vallat has voluntarily undertaken not to disclose or use the Document, and will hold him to that undertaking in these proceedings. The Court therefore does not determine whether Vallat would be appropriately enjoined from using or disclosing the Document had he opposed Phoenix's motion.

3

characterizations of the Document and of Vallat's actions are accurate, they do not support the use of the Court's equitable powers.

Fayemi and Schlaifer Nance allowed sanctions where the sanctioned party acted improperly in obtaining the information; the mere fact that the person providing the information might have acted improperly is insufficient. In Schlaifer Nance, an attorney acting as counsel in a separate matter for the defendant provided a document obtained from the plaintiff during prior litigation on behalf of another of the attorney's clients, in violation of a settlement agreement. Id. at 166. Despite the clear impropriety on the part of the attorney, the court refused to apply its equitable powers because there was no evidence that the defendant improperly induced the attorney to provide the information. Id. Phoenix has shown no reason why the Court should depart from that standard here.

Phoenix's reliance on Fayemi and In re Shell Oil Refinery, 143 F.R.D. 105 (E.D.La 1992) is unavailing. Both cases are easily distinguishable from the present matter. The plaintiff in Fayemi entered a supervisor's private office and copied confidential files from his computer. Fayemi, 174 F.R.D. at 325. Plaintiffs' counsel in In re Shell surreptitiously obtained confidential documents belonging to Shell Oil from a current Shell employee. In re Shell, 143 F.R.D. at 108. Certain Defendants did not take the Document directly from Phoenix or solicit it from a current Phoenix employee in order to circumvent the protections afforded by the discovery process. Rather, they obtained the Document in the course of a routine review of the files of their co-defendant, Vallat, who was given a copy of the Document by Phoenix. Whether or not it was improper for Vallat to provide Certain Defendants with the Document, it is clear that Certain Defendants themselves did nothing improper in the course of obtaining it.

Third-party defendant Fox, arguing in support of Phoenix's motion, directs the Court's attention to Josephson v. Marshall, 2001 U.S. Dist. LEXIS 10049 (S.D.N.Y. July 19, 2001) for the proposition that the use of documents subject to attorney-client privilege should be precluded in a case such as this, even when the party presenting the documents is not guilty of misconduct. It is ironic that it is not Phoenix but Fox who advances this argument, which fails precisely because neither Fox nor Plaintiffs can assert Phoenix's attorney-client privilege for their own protection. Josephson addressed the very different question of whether a party could use attorney-client privileged documents, innocently obtained outside of discovery, in litigation *against the holder of the privilege*. Josephson, 2001 U.S. Dist. LEXIS 10049 at 8. As Phoenix is not a party to this action, whether the Document is covered by the privilege is irrelevant absent a showing of wrongdoing by Certain Defendants.[2] No such showing has been made, and therefore use of the Court's equitable powers to restrict Certain Defendants' use of the Document is not appropriate.[3]

**OTHER ISSUES**

**I. Fox Deposition**

During Fox's deposition on January 13, 2006, she refused to answer questions about the Document on the basis of the attorney-client privilege. Anticipating the Court's denial of the motion for a protective order, Certain Defendants argue that Fox

---

[2] For this reason, the Court need not rule on the existence of the attorney-client privilege.

[3] The sole issue to give the Court pause, unaddressed by any party, is that Vallat might benefit from his alleged wrongdoing through his co-defendants' use of the Document. Even the most damning interpretation of the evidence, however, is that Vallat's consent for Certain Defendants to search his files was inadvertently improper. There is no evidence to suggest a calculated decision to violate Phoenix's privilege or to circumvent discovery. Under these circumstances, it would be inequitable to prejudice Certain Defendants, who have engaged in no wrongdoing, in order to work an indirect sanction on Vallat.

5

should be deposed again to answer these questions.  Fox argues that she has already sat for 21 hours of deposition over 3 days and that none of the questions relating to the Document are sufficiently relevant to justify any further imposition upon her.  As the Court noted at oral argument on October 3, Federal Rule of Civil Procedure 30(d) provides a single, seven hour day as the normal length of a deposition.  While Fox has already sat for three such sessions, Certain Defendants are entitled to Fox's answers to questions regarding the Document.  Accordingly, Certain Defendants may depose her in New York City, but for no more than three hours.  Also, the deposition shall be limited to questions regarding the Document, and should take place at a mutually convenient time, but prior to year-end 2006.

**II. Plaintiffs' Request for Permission to File a Motion to Compel**

Plaintiffs request permission to file a motion to compel Certain Defendants to provide a more adequate response to Plaintiffs' Second Set of Interrogatories Nos. 1 and 2.  Plaintiffs also indicated that other matters may require a motion to compel discovery, depending on the outcome of a meeting between the parties on October 27, 2006.  The Court agrees with Plaintiffs that any motion to compel should address all of Plaintiffs' outstanding discovery concerns.  Rather than moving piecemeal, Plaintiffs' should resubmit their request once all objects of their motion to compel are known.  Any motion should precisely identify the information sought, with details on the inadequacy of the responses.

**III. Fox and Shanahan Passports**

Vallat, joined by Certain Defendants, has requested copies of the passports of Shanahan and Fox covering the period 1998 through the present. Shanahan's passports through 2005 and Fox's passports through 2003 have already been produced. Moreover, Fox has represented that her passport was stolen in August 2006, and therefore the entry stamps since 2003 cannot be produced. The Amended Complaint was filed December 13, 2003 and all the facts at issue in this matter occurred prior to that date. Vallat argues that he needs the passports to determine whether Shanahan and Fox are carrying on business activities in Asia for which Phoenix was initially created, "thereby recovering elsewhere what they claim they lost through Phoenix without any benefit to Phoenix." (Letter of Maurice Vallat, October 19, 2006). The Court does not agree that Vallat's concerns are relevant to the present action. Fox and Shanahan's passport production to date is adequate.

**IV. Hong Kong Judgment against Phoenix**

Vallat requests that the Court enforce a judgment in his favor against Phoenix made by a Hong Kong court. The Court interprets his request as an assertion of a cross-claim against Phoenix based on the Hong Kong judgment. Phoenix's intervention in this matter was solely for the limited purpose of making its motion for a protective order, and, that motion having been denied, Phoenix is discharged from this matter and cannot be the subject of a cross-claim by Vallat.

## CONCLUSION

For the foregoing reasons, Phoenix's motion for a protective order is DENIED. The Clerk of the Court is directed to close out this motion.

Dated: New York, New York
November 14, 2006

SO ORDERED

PAUL A. CROTTY
United States District Judge

**Copies Mailed By Chambers**